UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**MARCUS J. WILLIAMSON**      **DOCKET NO. 6:21-cv-3880**
                                           **SECTION P**

**VERSUS**      **JUDGE ROBERT R. SUMMERHAYS**

**LAFAYETTE PARISH**      **MAGISTRATE JUDGE WHITEHURST**
**CORRECTIONAL CENTER, ET AL**

## <u>MEMORANDUM ORDER</u>

Before the court is an amended civil rights complaint (rec. doc. 4) filed pursuant to 42 U.S.C. § 1983, by plaintiff Marcus J. Williamson, who is proceeding *pro se* and *in forma pauperis* in this matter. Williamson is currently incarcerated at the Lafayette Parish Correctional Center.

### I.     Procedural Background

Plaintiff, through the instant civil rights lawsuit, seeks to recover compensatory damages for defamation of character, mental pain and anguish, false imprisonment, slander, police brutality, excessive force, racial profiling, hate crimes, wrongful arrest, Covid-19, lost wages, assault, loss of family time, loss of hair, inhumane circumstances, and conspiracy. Doc. 4, p. 4, ¶ V.

### II.     Law and Analysis

#### A. *Frivolity Review*

Williamson has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which

provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, in order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988).

### C. *Rule 8 Considerations*

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, the complaint must allege "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted).

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege specific facts which support the conclusion that his constitutional rights were violated by each person who is named as defendant. This conclusion must be supported by specific factual allegations stating the following:

(1) the name(s) of each person who allegedly violated plaintiff's constitutional rights;

(2) a description of what actually occurred or what each defendant did to violate plaintiff's rights;

(3) the place and date(s) that each event occurred; and

(4) a description of the alleged injury sustained as a result of the alleged violation.

As far as the Court can determine, plaintiff has named the following as defendants in his suit: (1) Lafayette Parish Correctional Center; (2) Unknown Deputy 1; (3) Unknown Deputy 2; (4) Unknown Inmate; (5) Sgt. Plaisance; and (6) Lt. Spears. However, he fails to allege sufficient facts from which the court can determine the existence of subject matter

jurisdiction and from which each defendant could fairly appreciate the claim made against them.

<u>Plaintiff should amend his complaint to provide the information required by Rule 8,</u> as set forth above. Specifically, but not exclusively, plaintiff shall name each individual defendant and precisely state what each named defendant did to violate plaintiff's constitutional right.

### D. *Improper Party*

To the extent Plaintiff seeks to bring claims against the Lafayette Parish Correctional Center (LPCC), such claims should be dismissed. Federal Rule of Civil Procedure 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether the LPCC has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. The LPCC is not a juridical person and therefore, plaintiff should amend his complaint to dismiss this defendant.

### E. *State Actor*

It also appears that Plaintiff names an inmate at the LPCC as defendant. In order to recover under §1983, a plaintiff must prove (1) that he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978). In order to prove the deprivation of a right protected by the Due Process Clause of the Fourteenth Amendment, a plaintiff must prove state action.

*Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir.1995). In §1983 actions alleging the deprivation of due process rights, the Fourteenth Amendment's 'state action' requirement and § 1983's 'under color of state law' requirement collapse into a single inquiry." *Landry v. A-Able Bonding, Inc.,* 75 F.3d 200, 203 (5th Cir.1996).

The plaintiff may satisfy the "under color of state law" requirement by proving that the conduct causing the deprivation is "fairly attributable to the State" which means proof (1) that the deprivation was caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may be fairly described as a state actor. *Id*. at 203-04 (*citing Lugar v. Edmondson Oil Co*., 457 U.S. 922, 937 (1982)). Inmates at the LPCC are not state actors and, as such, plaintiff has failed to state a claim against a fellow inmate for which relief may be granted.

### F. Claims of Mental Pain and Anguish

To the extent Plaintiff intends to make claims of mental pain and anguish, he should be aware that claims of verbal abuse are not actionable under § 1983. *See Siglar v. Hightower,* 112 F.3d 191, 193-94 (5th Cir.1997), (verbal abuse or harassment by a prison guard does not amount to an Eighth Amendment violation, *citing Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir.1993); *see also Adkins v. Rodriguez,* 59 F.3d 1034 (10th Cir.1995) (verbal sexual harassment by jailer, while outrageous and unacceptable, did not amount to a violation of the inmate's Eighth Amendment rights); *McDowell v. Jones*, 990 F.2d 433 (8th Cir.1993) (verbal threats and name calling usually are not actionable under

§ 1983); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir.1986) (per curiam) (name calling does not allege a constitutional claim).

Furthermore, 42 U.S.C. § 1997e(e) provides, "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The "physical injury" required by § 1997e(e) must be more than de minimis but need not be significant. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999)(*citing Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997). Accordingly, any claims of verbal abuse, defamation of character or mental pain and anguish, without a prior showing of physical injury, should be dismissed.

### III.  Conclusion

Before this court determines the proper disposition of plaintiff's claims, plaintiff should be given the opportunity to remedy the deficiencies of his complaint. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Accordingly,

**IT IS ORDERED** that plaintiff amend his complaint within forty (40) days of the filing of this order to cure the deficiencies as outlined above, and alternatively, dismiss those claims plaintiff is unable to cure through amendment.

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.  Plaintiff is further required to notify the Court of any change in his address under U.L.R. 41.3.**

THUS DONE AND SIGNED in Chambers this 27th day of June, 2022.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**