UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MARCUS J. WILLIAMSON** | **DOCKET NO. 6:21-cv-3880**<br>**SECTION P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **LAFAYETTE PARISH**<br>**CORRECTIONAL CENTER, ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

**MEMORANDUM ORDER**

Before the court is Motion to Amend/Correct and Motion to Appoint Counsel (rec. doc. 14) and Motion for Discovery (rec. doc. 15), filed by plaintiff Marcus J. Williamson.

**I.    Motion to Appoint Counsel**

First, Plaintiff requests that the Court appoint counsel to represent him in the present case. The court is not required to grant this request in the absence of "exceptional circumstances." *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982); *Jackson v. Cain,* 864 F.2d 1235, 1242 (5th Cir. 1989). No precise definition of "exceptional circumstances" is available, but the United States Fifth Circuit Court of Appeal has provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors: the type and complexity of the case; the plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the

court, and the defendants by "shortening the trial and assisting in just determination." *See Parker v. Carpenter*, 978 F.2d 190 (5th Cir. 1992), *citing Murphy v. Kellar*, 950 F.2d at 293, n.14; see also *Ulmer*, 691 F.2d. at 213, and *Jackson*, 864 F.2d. at 1242.

At this time, the Court has determined that Plaintiff's claims are not atypical of those often asserted in civil rights litigation and are not complex. Of course, should the court ultimately determine that either formal discovery or an evidentiary hearing is necessary, the court must appoint counsel; but until such time, the decision on whether or not to appoint counsel rests in the sound discretion of the trial court. *United States v. Vasquez*, 7 F.3d 81, 84 (5th Cir.1993). Plaintiff's Motion to Appoint Counsel (rec. doc. 14) is **DENIED**.

## II.   Motion for Discovery

Plaintiff's Motion for Discovery (rec. doc. 15) is also **DENIED**, as this civil action remains on initial review pursuant to 28 U.S.C. §§1915 and 1915A. At this stage in the proceedings, discovery is not necessary to proceed.

## III.   Amendment of the Civil Rights Suit

On June 27, 2022, plaintiff was ordered to amend his complaint to cure deficiencies as outlined by the Court. Rec. Doc. 13. While it is unclear if Rec. Doc. 14 was an attempt to comply with this Order, plaintiff's filing did not provide the information ordered by the Court in its June 27, 2022 Order.

Legal counsel is not needed at this stage in the proceedings, as Plaintiff needs only to file an amendment in compliance with Federal Rule of Civil Procedure 8, which requires a pleading to contain "a short and plain statement of the claim showing that the pleader is

entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, the complaint must allege "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted).

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege specific **facts** which support the conclusion that his constitutional rights were violated by each person who is named as defendant. This conclusion must be supported by **specific factual allegations** stating the following:

(1) the name(s) of each person who allegedly violated plaintiff's constitutional rights;

(2) a description of what actually occurred or what each defendant did to violate plaintiff's rights;

(3) the place and date(s) that each event occurred; and

(4) a description of the alleged injury sustained as a result of the alleged violation.

Plaintiff should amend his complaint to provide the information required by Rule 8, as set forth above[1]. Specifically, but not exclusively, plaintiff shall name each individual defendant and precisely state what each named defendant did to violate plaintiff's constitutional right. **Failure to do so will result in dismissal of this civil action**.

---

[1] The § 1983 form is not required for the filing of the amendment ordered by the Court.

### IV. Conclusion

Before this court determines the proper disposition of plaintiff's claims, plaintiff should be given the opportunity to remedy the deficiencies of his complaint. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Accordingly,

**IT IS ORDERED** that plaintiff amend his complaint within forty (40) days of the filing of this order to cure the deficiencies as outlined in Section III above.

**IT IS FURTHER ORDERED** that the Motion to Appoint Counsel (doc. 14) and Motion for Discovery (doc. 15) are **DENIED**.

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address under U.L.R. 41.3.**

THUS DONE AND SIGNED in Chambers this 11th day of July, 2022.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE