UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MARCUS J. WILLIAMSON** | **DOCKET NO. 6:21-cv-3880**<br>**SECTION P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **LAFAYETTE PARISH**<br>**CORRECTIONAL CENTER, ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the court is the first and second amended civil rights complaints (rec. docs. 4, 18) filed pursuant to 42 U.S.C. § 1983, by plaintiff Marcus J. Williamson, who is proceeding pro se and in forma pauperis in this matter. At the time of filing, Williamson was incarcerated at the Lafayette Parish Correctional Center. On June 27, 2022, and July 11, 2022, he was ordered to amend his complaint to provide more details regarding his claims. Rec. Docs. 13, 17. He did so on July 27, 2022. Rec. Doc. 18

### Statement of the Case

Through his first amended complaint, Plaintiff seeks to recover compensatory damages for defamation of character, mental pain and anguish, false imprisonment, slander, police brutality, excessive force, racial profiling, hate crimes, wrongful arrest, Covid-19, lost wages, assault, loss of family time, loss of hair, inhumane circumstances, and conspiracy. Doc. 4, p. 4, ¶ V. Plaintiff was ordered to amend his complaint to provide more detailed information required by Rule 8, specifically, but not exclusively, the name

of each individual defendant and precisely what each named defendant did to violate plaintiff's constitutional rights. Rec. Docs. 13, 17.

Plaintiff amended and specified the following claims:

1. Excessive police force;

2. Mental pain and anguish as a result of excessive police force;

3. Defamation of character;

4. Freedom of speech, religion, assembly on the part of the Lafayette Parish Correction Center "forces religion on you;"

5. Right to procedural due process;

6. Unreasonable search and seizures;

7. Losing job or being passed over for a promotion;

8. Cruel and unusual punishment in the form of humiliation;

9. Abuse by a police official;

10. Emotional distress; and

11. Unlawful detention.

Rec. Doc. 18, pp. 16-17.

With respect to the excessive force claim, and subsequent mental pain and anguish, Plaintiff stated that his head was cracked open as a result of an order given by Lt. Spears to Sgt. B. Plaisance. *Id*. at p. 4.

Plaintiff gave no further details regarding any of the remaining claims.

**Law and Analysis**

*1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *see, Denton v. Hernandez*, 504 U.S. 25 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe in forma pauperis complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153,* 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 15*3, 23 F.3d at 97.2.

## 2. Improper Defendants

### a. Juridical Person

Plaintiff's claims against the Lafayette Parish Correctional Center ("LPCC") should be dismissed. Federal Rule of Civil Procedure 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether LPCC is an entity which has the capacity to sue or be sued. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "… an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24.

The LPCC is not an entity capable of being sued. LPCC is a parish corrections facility operated by the Sheriff of Lafayette Parish. *Piearson v. Corr. Ctr. Lafayette Parish*, 2006 U.S. Dist. LEXIS 95214, 2006 WL 4012476 (*citing* La. Atty. Gen. Op. No. 03-0437, 2003 WL 23146623; *Langley v. City of Monroe*, 582 So.2d 367 (La.App.2d Cir. 1991) and La. R.S.15:702 (The parish governing authority is charged with the duty to provide a good and sufficient jail and to provide for the physical maintenance of parish jails and prisons; however, the administration of such jails is within the province of the sheriff who has the

4

duty of operating the jail and insuring that prisoners are properly cared for, fed and clothed.)). Accordingly, this defendant should be dismissed.

### b. Warden Paula Smith, Sheriff Mark Garber and Lt. Spears

Plaintiff's claims against Warden Paula Smith, Sheriff Mark Garber and Lt. Spears should be dismissed. "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), cert. denied, 464 U.S. 897 (1983). Plaintiff failed to allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by these defendants and as such, claims against them should be dismissed.

### c. Unknown Deputy #1, Unknown Deputy #2

Plaintiff's claims against Unknown Deputies 1 and 2 should be dismissed for failure to comply with Fed. R. Civ. P. 8, as Plaintiff failed to allege ANY facts which support the conclusion that his constitutional rights were violated by these individuals, despite being given the opportunity to amend and do so.

### d. Unknown Inmate

Finally, claims against Unknown Inmate should be dismissed. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States. The plaintiff must also show that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted). A plaintiff may satisfy the "under color of state law" requirement of § 1983 by proving that the conduct causing the deprivation is fairly attributable to the state. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). "Fair attribution" requires that: (1) the deprivation is caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible; and (2) the party charged with the deprivation may be fairly described as a state actor. *Id*. Because an inmate is not a state actor, the § 1983 claim against this defendant should be dismissed.

## 3. Claims

### a. Excessive Force/Abuse by Lt. Plaisance and the Related Emotional Distress/Mental Pain and Anguish

The undersigned finds that Plaintiff has satisfied this court's standards for initial review of these claims, which will be addressed in a separate order.

### b. Defamation of Character, Humiliation

Plaintiff's general claims of defamation of character and humiliation are insufficient to establish a cause of action under § 1983. Damage to reputation alone, apart from some more tangible interest does not implicate any "property" or "liberty" interest sufficient to

invoke the Due Process clause of the Fourteenth Amendment. More must be involved than defamation to establish a § 1983 claim under the Fourteenth Amendment. *Paul v. Davis*, 424 U.S. 693, 701 (1976); *see Cook v. Houston Post*, 616 F.2d 791, 794 (5th Cir.1980). These claims should be dismissed.

### c. Remaining claims

Without addressing the viability of the remaining claims, the undersigned recommends dismissal of them for failure to comply with this Court's June 27, 2022, and July 11, 2022, Orders (rec. docs. 13, 17), to provide specific facts related to each claim: (1) Defamation of character; (2) Freedom of speech, religion, assembly on the part of the Lafayette Parish Correction Center "forces religion on you;" (3) Right to procedural due process; (4) Unreasonable search and seizures; (5) Losing job or being passed over for a promotion; and (6) Unlawful detention.

### Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED THAT** the following defendants be **DISMISSED WITH PREJUDICE** from this suit: (1) Lafayette Parish Correctional Center; (2) Unknown Deputy #1; (3) Unknown Deputy #2; (4) Unknown Inmate; (5) Lt. Spears; (6) Paula Smith; and (7) Mark Garber.

**IT IS FURTHER RECOMMENDED THAT** the following claims be **DISMISSED WITH PREJUDICE**: (1) Mental pain and anguish as a result of excessive police force; (2) Defamation of character; (3) Freedom of speech, religion, assembly on the part of the Lafayette Parish Correction Center "forces religion on you;" (4) Right to

7

procedural due process; (5) Unreasonable search and seizures; (6) Losing job or being passed over for a promotion; (7) Cruel and unusual punishment in the form of humiliation; and (8) Unlawful detention.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE in Chambers on this 15th day of December, 2022.

**Carol B. Whitehurst**
**United States Magistrate Judge**