UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MARCUS J. WILLIAMSON** | **DOCKET NO. 6:21-cv-3880** |
| | **SECTION P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **LAFAYETTE PARISH CORRECTIONAL CENTER, ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

## REPORT AND RECOMMENDATION

Presently before this Court is a Motion for Subpoena (rec. doc. 31) and an Amended Complaint (rec. doc. 32), filed by pro se plaintiff, Marcus J. Williamson. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### I. Procedural Background

On March 29, 2023, Judge Summerhays adopted the Report and Recommendation of the undersigned, dismissing from this suit the following defendants: (1) Lafayette Parish Correctional Center; (2) Unknown Deputy #1; (3) Unknown Deputy #2; (4) Unknown Inmate; (5) Lt. Spears; (6) Paula Smith; and (7) Mark Garber. Rec. Doc. 19. Furthermore, he dismissed the following claims: (1) Mental pain and anguish as a result of excessive police force; (2) Defamation of character; (3) Freedom of speech, religion, assembly on the part of the Lafayette Parish Correction Center "forces religion on you;" (4) Right to procedural due process; (5) Unreasonable search and seizures; (6) Losing job or being passed over for a promotion; (7) Cruel and unusual punishment in the form of humiliation; and (8) Unlawful detention. *Id*.

On June 1, 2023, summons and service documents were forwarded to the U.S. Marshals for execution of service on Sgt. Plaisance, the sole remaining defendant. Rec. Doc. 28.

## II.     Motion for Subpoena

On June 22, 2023, plaintiff filed a Motion for Subpoena, seeking the video footage, incident reports and all grievances/requests. Rec. Doc. 31. This motion should be **DENIED**, as this civil action remains on initial review pursuant to 28 U.S.C. §§1915 and 1915A. At this stage in the proceedings, discovery is not necessary to proceed.

## III.    Amended Complaint – Improper Defendant

In his most recent amended complaint (rec. doc. 32), plaintiff names District Attorney Donald Landry as a defendant. However, he submits no facts to establish his involvement in this matter whatsoever.

### a. *Individual Capacity*

To the extent that Williamson asserts claims against Landry in his individual capacity, he is immune from suit. Courts employ a "functional" test to determine whether officials are entitled to absolute immunity, in which they look to the "nature of the function performed, not the identity of the actor who performed it." *Forrester v. White*, 484 U.S. 219, 227-29 (1988); accord *Hill v. City of Seven Points*, 31 Fed. Appx. 835, [published in full-text format at 2002 U.S. App. LEXIS 30214] 2002 WL 243261, at *10 (5th Cir. 2002); *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995).

It is well-established that prosecutors are immune from liability under Section 1983 for actions taken as an advocate in pursuit of a criminal prosecution. *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *Quinn v. Roach*, 326 Fed. Appx. 280, 2009 WL 1181072, at *9 (5th Cir. 2009); *Hill*, 2002 U.S. App. LEXIS 30214, 2002 WL 243261, at *10. This immunity applies to a prosecutor's actions in "initiating prosecution and carrying [a] criminal case through the judicial

2

process." *Id*. (quotation omitted); accord *Buckley v. Fitzsimmons*, 509 U.S. 259, 270, 272 (1993); *Quinn*, 326 Fed. Appx. 280, 2009 WL 1181072, at *9.

Thus, "[a] prosecutor enjoys absolute immunity from personal liability . . . under section 1983 for actions 'initiating a prosecution and . . . presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.'" *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir. 1997) (quoting *Imbler v. Pachtman,* 424 U.S. 409, 430-31 (1976)); accord *Quinn*, 326 Fed. Appx. 280, 2009 WL 1181072, at *9; *Hill*, 2002 U.S. App. LEXIS 30214, 2002 WL 243261, at *10. "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Kerr v. Lyford,* 171 F.3d 330, 337 & n.10 (5th Cir. 1999), abrogated in part on other grounds by *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003) (quotation omitted); accord *Champluvier v. Couch*, 309 Fed. Appx. 902, 2009 WL 320829, at *1 (5th Cir. 2009); *Hill*, 2002 U.S. App. LEXIS 30214, 2002 WL 243261, at *10.

In the instant case, any actions of Donald Landry in initiating and pursuing Williamson's prosecution and conviction fall well within the ambit of the judicial phase of the criminal process for which prosecutors are immune from liability. Plaintiff has failed to allege any action in which the district attorney was functioning outside the scope of prosecutorial immunity. Therefore, the Court presumes that his claims arise out of Williamson's prosecution and conviction and, as such, all claims against District Attorney Donald Landry in his individual capacity must be dismissed.

### a. *Official Capacity*

To the extent that plaintiff makes a claim against Landry in his official capacity as the District Attorney for the 15th Judicial District of Louisiana, this claim must be dismissed "because [Williamson does] not sufficiently allege that [defendant] acted pursuant to a municipal policy or

custom." *Sharp v. Palmisano,* 2013 U.S. Dist. LEXIS 160212, 2013 WL 5969661, at *4 (E.D. La. Nov. 8, 2013).

> Official-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)(quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n. 55 (1978)) (quotation marks removed). 'As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity .' *Id*. at 166.
>
> '[A] governmental entity is liable under § 1983 only when the entity itself is a moving force behind the deprivation.' *Id*. (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981)) (quotation marks removed). '[T]hus, in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law.' *Id*. (quoting *Monell*, 436 U.S. at 694).
>
> '[A] policy may be either a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's governing body (or by one or more officials to whom the governing body has delegated policy-making authority), or a persistent, widespread practice of city officials or employees that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official municipal policy.' *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir.1989). 'Isolated instances, on the other hand, are inadequate to prove knowledge and acquiescence by policymakers.' *Id*.

*Sharp*, 2013 U.S. Dist. LEXIS 160212, 2013 WL 5969661, at *5.

Williamson asserts no facts whatsoever to state a claim that any actions on the part of Donald Landry were the result of an established policy or custom. Thus, to whatever extent, if any, that Williamson asserts a claim against Donald Landry in his official capacity, this claim must be dismissed.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Subpoena (rec. doc. 31) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that plaintiff's claims against Donald Landry be **DISMISSED WITH PREJUDICE**, pursuant to 28 U.S.C.1915(e)(2), as frivolous, for failing to

4

state a claim upon which relief may be granted and for seeking monetary relief against a defendant who is immune from such relief.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**  *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir.  1996).**

THUS DONE in Chambers on this 23rd day of June, 2023

**Carol B. Whitehurst
United States Magistrate Judge**

5