UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MARCUS JOSEPH WILLIAMSON** | **DOCKET NO. 6:21-cv-3880** |
| | **SECTION P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **LPCC, ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

### REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss filed on October 25, 2023, pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure by the sole remaining defendant, Sgt. Dylan Plaisance. Doc. 42. This motion was filed in response to the original and amended complaints filed pursuant to 42 U.S.C. §1983 by plaintiff Marcus Joseph Williamson. Williamson filed an opposition to the defendant's motion on November 6, 2023 (doc. 44) and the defendant filed a reply on November 15, 2023 (doc. 47). The motion is now ripe for review.

The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For the following reasons, **IT IS RECOMMENDED** that the defendant's Motion for to Dismiss (doc. 42) be **DENIED**.

I.  **BACKGROUND**

   A.  **Factual Background**

Following a preliminary screening by the undersigned, pursuant to 28 U.S.C.1915A and 28 U.S.C.1915(e)(2) (doc. 19), the Court dismissed numerous defendants and claims (doc. 23). Plaintiff Williamson's claim of excessive force against defendant Sgt. Plaisance remains the only issue before this Court. On June 1, 2023, summons was issued as to Plaisance, listing his address as the Lafayette Parish Correction Facility ("LPCC"), his last know place of business.

Doc. 28. While no return of service was filed into the record, per the defendant's Motion to Dismiss, service was effected upon the supervisor at LPCC on October 5, 2023. *See* doc. 42-1, p. 4. The instant motion to dismiss followed, wherein the defendant argues that he was not properly served, that plaintiff has failed to state a claim upon which relief can be granted, and the inappropriate language used by plaintiff in his opposition to the instant motion warrants dismissal.

## II. LAW & ANALYSIS

### A. Legal Standards

#### 1. FRCP 12(b)5

A district court may dismiss a case without prejudice under Fed. R. Civ. P. 4(m) if the plaintiff fails to effectuate service on defendants within 90 days of filing the complaint. Fed. R. Civ. P. 12(b)(5); *see also Kreimerman v. Casa Veerkamp, S.A. de C.V.,* 22 F.3d 634, 645 (5th Cir. 1994) ("A district court . . . has broad discretion to dismiss an action for ineffective service of process."). The requirements set forth in Fed. R. Civ. P. 4 must be strictly followed for service to be proper. *Rogers v. Hartford Life & Acc. Ins. Co*., 167 F.3d 933, 940 (5th Cir. 1999). Rule 4(a) sets forth the various elements the summons must contain. Fed. R. Civ. P 4(a)(1). Absent proper service of process, the court cannot exercise personal jurisdiction over a party named as a defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999).

The Federal Rules of Civil Procedure require that the plaintiff serve the summons and a copy of the complaint upon the defendants. Fed. R. Civ. P. 4(c)(1). Rule 12(b)(5) of the Federal Rules of Civil Procedure permits a challenge to the method of service attempted by the plaintiff or the lack of delivery of the summons and complaint. See Fed. R. Civ. P. 12(b)(5). "A motion to

dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Quinn v. Miller,* 470 Fed. Appx. 321, 323 (5th Cir. 2012). Pro se litigants are expected to comply with the rules of pleading and the rules of service. *See Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981). However, "a plaintiff proceeding in forma pauperis is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). A pro se plaintiff bears the burden of proving the validity of service or good cause for failure to effect timely service. *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). "[G]ood cause is shown when *in forma pauperis* plaintiff[]'s failure to properly serve a defendant is attributable to a government personnel who [has] improperly performed their duties." *Lindsey v. United States RRB*, 101 F.3d 444, 447 (5th Cir. 1996).)

### 2. FRCP 12(b)(6)

When deciding a 12(b)(6) motion for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig*., 495 F.3d 191, 205-06 (5th Cir. 2007). To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that Plaintiff is plausibly entitled to relief. *Iqbal*, 556 U.S. at 678.

### 3. Application

#### a. Insufficient Service of Process

In support of its motion, the defendant first argues that service was not made in compliance with FRCP Rule 4, as it was not timely and was not served upon the defendant in the proper manner.

Following its initial screening, the Court authorized service on the defendant through the assistance of a United States Marshal. Doc. 20. Williamson provided the Court with completed summonses and completed Forms 285 on June 1, 2023. Doc. 28. Plaintiff included the LPCC address, defendant's last known place of business. *Id*. No return of service was filed into the record. However, per the defendant's Motion to Dismiss, service was effected upon the supervisor at LPCC on October 5, 2023, more than 90 days after the plaintiff filed his amended complaint on June 22, 2022, and not on defendant personally.

Defendant's argument that plaintiff's suit should be dismissed due to untimely service should fail, as the 90-day service period under Rule 4(m) is tolled while the court screens a prisoner's complaint pursuant to § 1915(e) or § 1915A. *Aguilera v. Lozano*, 2020 U.S. Dist. LEXIS 261374, *2, FN 2 (S.D. Tex. February 12, 2020) (citing *Keller v. United States*, 444 F.

App'x 909, 912 (7th Cir. 2011) ("Other circuits have adopted a categorical rule that, because a pro se prisoner proceeding in forma pauperis is at the mercy of the district court, the time used for screening by the court automatically extends the . . . deadline of Rule 4(m)."); *Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010); *Balistreri-Amrhein v. Verrilli*, No. 4:16-CV-112, 2017 U.S. Dist. LEXIS 143518, 2017 WL 3895982, at *2 (E.D. Tex. Sept. 6, 2017) ("[A] court may withhold service where the plaintiff proceeds in forma pauperis pending the court's screening of the complaint for frivolousness under Section 1915."); *Coleman v. Colvin*, No. 3:16-CV-2608-D-BK, 2017 U.S. Dist. LEXIS 82101, 2017 WL 2348812, at *1 (N.D. Tex. Apr. 13, 2017) (court had granted but did not issue process pending preliminary screening).

Defendant also argues for dismissal due to the fact that while service was required on the chief executive officer or agency head as stated in FRCP Rule 4(j)(2) and La. R.S. 13:5107(D), here, service was effected not upon Plaisance personally or the agency head, the Sheriff, but upon his supervisor at the jail.

In instances such as this, courts recognize that the plaintiff's claims should not be subject to dismissal, but instead that measures be taken to either re-issue summons and re-authorize service by the officers of the Court or ask the defendant to waive the insufficient service issues and agree to waiver of service of summons under Federal Rule of Civil Procedure 4(d). *See Kaminsky v. Wake Forest Univ. Baptist Med. Center,* No. 1:08-cv-882, 2009 U.S. Dist. LEXIS 91772, 2009 WL 3208449, at *5 (M.D.N.C. Sept. 30, 2009) ("[T]he court remains under a duty to assist Plaintiff with regard to service of process in view of his pro se status and the granting of leave to proceed *in forma pauperis*. Therefore, rather than recommending dismissal of the action as to the defendants on the basis of inadequate service, the Court must take reasonable steps to see that service is effected on all defendants properly before the Court in accordance with Rule

4(c)(3)"); *See Counce v. Wolting*, No. 13-3199-JTM, 2017 U.S. Dist. LEXIS 23159, 2017 WL 661583, at *3 (D. Kan. Feb. 17, 2017) (noting that if Plaintiff has provided the necessary information, and the failure was due to the Marshal's inadequate service, such arguments "present, at most, an opportunity to correct a mistake for which the plaintiff is not accountable.")

Because the inadequate service was not due wholly to any failure of the information provided by plaintiff, rather than dismiss Williamson's claims against the defendant on the basis of insufficient service of process, the Court must take reasonable steps to see that service is effected on the defendant, in accordance with Rule 4(c)(3).[1]

### b. *Failure to State a Claim Upon which Relief can be Granted*

Next, the defendant asserts that plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted. His motion incorrectly references document 3, "Amended Complaint," filed on July 22, 2022, where in plaintiff alleges that defendant Plaisance twisted his ankle using excessive force. *See* doc. 42, att. 1, p. 1. Defendants argues that this allegation fails to satisfy the injury requirement for a Section 1983 claim because the "twisted ankle" of which he complains would be considered, at best, a de minimis injury, "if any injury at all." *Id*. at p. 6.

While plaintiff does allege that his ankle was injured as a result of the excessive force used by the defendant, in the Amended Complaint, actually filed on July 27, 2022, as document 18, he also claims that Sgt. Plaisance, following an order from Lt. Spears, cracked his head open. Doc. 18, p. 4. In a subsequent Amended Complaint, filed on June 22, 2023, plaintiff reiterates the allegation that he was assaulted by the defendant on September 19, 2021, during which he incurred injuries to his arm and ankle, as well as restating that his "head was cracked open." Doc. 32, p. 5.

---

[1] A separate Order will be issued with respect to service of process.

When a prison official is accused of using excessive physical force in contravention of the Eighth Amendment's Cruel and Unusual Punishments Clause, the core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). "Force beyond that reasonably required to maintain or restore discipline is 'wanton and unnecessary.'" *Perez v. Collier,* 2021 U.S. App. LEXIS 27011, 2021 WL 4095263, at *2 (5th Cir. Sept. 8, 2021) (quoting *Hudson*, 503 U.S. at 7). "This standard looks to an official's subjective intent to punish." *Id*.

Not every malevolent touch by a prison guard, however, gives rise to a federal cause of action. *Hudson*, 503 U.S. at 9. The Eighth Amendment does not protect against "de minimis" use of physical force, so long as the use of force is not of a sort "repugnant to the conscience of mankind." *Id*. (citation and internal quotation marks omitted). Courts consider the following factors: (1) the extent of the injury suffered; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any effort made to temper the severity of a forceful response. *Gomez v. Chandler*, 163 F.3d 921, 923 (5th Cir. 1999).

Without providing much detail regarding the incident at issue, plaintiff does appear to allege injuries that could be considered greater than de minimis. Construing plaintiff's allegations liberally and in his favor at this stage in the proceedings, the Court should retain this claim. *See Smith v. Caldwell Par. Det. Ctr*., 2023 U.S. Dist. LEXIS 112890, *10 (W.D. La. June 28, 2023).

### *c. Plaintiff's Inappropriate Comments*

Finally, the defendant argues for dismissal of plaintiff's claims under FRCP 41(b), pointing to *Poullard v. Edwards*, in which the Middle District of Louisiana dismissed a pro se plaintiff's claims with prejudice when it found the plaintiff's conduct "inexcusable" insofar as he "used vulgar and abusive language to refer to judicial officers, and he sent threatening e-mails to opposing counsel." *Poullard v. Edwards*, 2021 WL 3084990, (La. M.D. 2021) (citing *Petito v. Brewster*, 562 F.3d 761, 763 (5th Cir. 2009)).  In that case, the plaintiff appeared and participated in a pretrial conference, which was conducted by video conference.  The Court described his "belligerent and abusive" outbursts as follows: "The Plaintiff repeatedly shouted profane and vulgar expletives of a most offensive and base nature and statements of a threatening nature, which will not be repeated herein. The Plaintiff's behavior was both shocking and inexcusable." *Id*. at *2.  Dismissing the plaintiff's claims due to his behavior, the *Poullard* court, citing *Petito, supra,* held:

> The Fifth Circuit explained that "[t]he right to bring claims before the courts is a sacred right in our republic. But this right is not without limits. We are vested with the power, and we labor under the duty, to protect judicial officers as well as those appearing in court on their own behalf and on behalf of others. Such protection was required in this case due to [the plaintiff's] wrongful conduct, and accordingly, his claims against the defendants, whether meritorious or not, have been forfeited." *Id*.
>
> Correspondingly, "[a]lthough the judicial system is generally accessible and open to all individuals, abuse of the process may result in actions to protect the courts' ability to effectively control the numerous matters filed therein." *Kaminetzky v. Frost Nat'l Bank of Houston*, 881 F. Supp. 276, 277 (S.D. Tex. 1995). But "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants [, which means p]ro se litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Ruston v. Dallas County,* No. 3:07-cv-1076-D, 2008 U.S. Dist. LEXIS 28969, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (quoting *Farguson v. MBank Houston, N.A.,* 808 F.2d 358, 359 (5th Cir. 1986)).

*Poullard, supra* at *3-4.

This Court does not find that plaintiff's statements in his opposition rise to the level of the actions of the plaintiffs in the two cases above. However, the Court agrees that his statements to opposing counsel, "TO KAY A. THEUNISSEN ATTORNEY AT LAW. Your [sic] playing with fire. Kay ok plese [sic] fall back/Get out my world for real for real!", as well as "Don't play or your [sic] next Kay do not slander my name again," are inappropriate and unwarranted. Plaintiff is warned that personal attacks upon opposing counsel and/or this court and its judges will not be tolerated in this case, or any others. Continued behavior may subject him to sanctions.

### III. CONCLUSION

For the foregoing reasons,

**IT IS RECOMMENDED** that the defendant's Motion to Dismiss (doc. 42) be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 11th day of March, 2024.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE