UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MARCUS JOSEPH WILLIAMSON | CASE NO. 6:21-CV-03880 SEC P |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| LAFAYETTE PARISH CORRECTIONAL CENTER, ET AL. | MAGISTRATE JUDGE WHITEHURST |

### RULING ON OBJECTIONS

Before the Court is a Report and Recommendation ("R&R") of the Magistrate Judge, whereby she recommends that the Motion for Summary Judgment submitted by Defendant, Sgt. Dylan Plaisance, be granted and that this matter be dismissed with prejudice.[1] Plaintiff objected to the R&R, arguing an incorrect legal standard was applied to his sole remaining claim of excessive force, and further asserting that jail personnel would not allow him to view the video evidence submitted in support of Defendant's motion.[2] After submission of Plaintiff's original objections,[3] arrangement were made for Plaintiff to view the foregoing video evidence, and Plaintiff did so on June 19, 2025.[4] Thereafter, the Court granted Plaintiff the opportunity to file a supplemental objection addressing the video evidence, and Plaintiff subsequently filed supplemental objections.[5] Following a de novo review of the underlying record and the Magistrate Judge's R&R, the Court adopts the recommendation of the Magistrate Judge but modifies her supporting reasoning, as set forth below.

---

[1] *See* ECF No. 72.
[2] ECF No. 73 at 1; *see also* ECF No. 74 at 2.
[3] *See* ECF Nos. 73, 75
[4] *See* ECF Nos. 76, 76-1 and 76-2.
[5] *See* ECF Nos. 77–79.

Defendant and the Magistrate Judge analyzed Plaintiff's claim of excessive force solely under the Eighth Amendment. The Eighth Amendment applies to excessive force claims brought by convicted prisoners.[6] Excessive force claims by pretrial detainees are examined under the Fourteenth Amendment's Due Process Clause.[7] Plaintiff contends he is a pretrial detainee and that his claim should be analyzed under the Fourteenth Amendment.[8] Defendant does not contest Plaintiff's statement as to his status, but contends the R&R nevertheless adequately addresses his claim.[9]

A claim of excessive force under the Eighth Amendment requires an inmate to show that the force by a prison official was applied "maliciously and sadistically to cause harm," rather than as "a good-faith effort to maintain or restore discipline."[10] The focus is on the prison official's "subjective intent," which is evaluated by considering factors such as: (1) the extent of injury suffered by the inmate, (2) the need for application of force, (3) the relationship between the need for force and the amount of force used, (4) the threat reasonably perceived by the responsible officials, and (5) any efforts made to temper the severity of a forceful response.[11] A claim of excessive force under the Due Process Clause of the Fourteenth Amendment turns upon whether the force used was "objectively unreasonable."[12] In evaluating whether the force used was objectively unreasonable, courts consider factors such as: "[1] the relationship between the need for the use of force and the amount of force used; [2] the extent of the plaintiff's injury; [3] any effort made by the officer to temper or to limit the amount of force; [4] the severity of the security

---

[6] *See e.g. Whitley v. Albers*, 475 U.S. 312 (1986); *Hudson v. McMillian*, 503 U.S. 1 (1992).
[7] *Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015); *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979).
[8] ECF No. 73 at 1 (citing *Kingley, supra*); *see also* ECF No. 62 at 1, 2, 3.
[9] ECF No. 74 at 2-3.
[10] *Hudson* at 6-7; *Byrd v. Harrell*, 48 F.4th 343, 347 (5th Cir. 2022).
[11] *Hudson* at 7 (citing *Whitley* at 321; *Byrd* at 347).
[12] *Kingsley*, 576 U.S. at 391, 397; *see also Austin v. City of Pasadena, Texas*, 74 F.4th 312, 322 (5th Cir. 2023).

problem at issue; [5] the threat reasonably perceived by the officer; and [6] whether the plaintiff was actively resisting."[13]

As seen from the forgoing, many of the factors used to evaluate claims under the Eighth and Fourteenth Amendments overlap. As such, the Magistrate Judge evaluated factors 1 (relationship between the need and the amount of force used), 2 (extent of the injury suffered), 3 (efforts made to temper the severity of the forceful response), and 5 (threat reasonably perceived by the responsible officials) used in a Fourteenth Amendment analysis. The Magistrate Judge additionally evaluated factor 2 (need for application of force) used in an Eighth Amendment analysis. Further, the R&R addresses the remaining factors set forth in *Kingsley*—i.e., factors 4 (the severity of the security problem at issue) and 6 (whether Plaintiff was actively resisting)—throughout the R&R.[14] Thus, although addressed as an Eighth Amendment claim, the Court finds the analysis in the R&R equally supports dismissal of Plaintiff's Fourteenth Amendment claim. Accordingly, the Court finds Defendant has shown there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law.

For the reasons set forth above, the Motion for Summary Judgment will be granted, and this matter will be dismissed with prejudice.

THUS DONE in Chambers on this __16th__ day of July, 2025.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[13] *Kingsley* at 397.
[14] *See e.g.* ECF No. 72 at 8-9, 10, 11.